IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASON MADISON,                                *
Petitioner
                                              *
v                                             Civil Action No. CCB-14-2733
                                              *
MARYLAND PAROLE COMMISSION, et al.
Respondents                                   *
                                            ***

## MEMORANDUM

Jason Madison filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The respondents filed an answer seeking dismissal of this matter as unexhausted.  (ECF No. 4.)  Madison has not replied.  For the reasons that follow, the petition will be dismissed without prejudice.

Madison alleges he was unlawfully held in the custody of the Maryland Department of Public Safety and Correctional Services because he was not provided a timely parole revocation hearing.  (ECF No. 1.)  He states he was arrested on a retake warrant due to charges arising in the District Court for Harford County, Maryland.  *Id*.  As relief, Madison seeks a parole revocation hearing, release from confinement, and/or the quashing of the warrant.  *Id*.

Madison's claims involve questions of state law, making the petition subject to the exhaustion requirement of 28 U.S.C. § 2254(b).  The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241.  *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).  Thus, before filing a federal habeas petition, the petitioner must exhaust each claim presented by pursuing remedies

available in state court.  *See Rose v. Lundy*, 455 U.S. 509, 521 (1982).  The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000).  Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  State courts should be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475, 497 n.13 (1973).

      The respondents assert that Madison has not exhausted state judicial review regarding the allegedly untimely revocation hearing, as he has filed no petitions in state court complaining as much.  (ECF No. 4, Ex. 1.)  As it is clear that Madison did not exhaust his claim regarding the alleged delay in a parole revocation hearing with the Maryland state courts, his petition must be dismissed without prejudice.

      When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Madison has not demonstrated a basis for the issuance of a certificate of appealability.  A separate order follows.


April 28, 2015                                                               /S/
Date                                                                      Catherine C. Blake
                                                                        United States District Judge